**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 20-32 |
| ) | Senior Judge Nora Barry Fischer |
| FRANK SNEAD, JR., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

Presently before the Court is Defendant Frank Snead Jr.'s motion to dismiss charges for lack of probable cause and subject matter jurisdiction, previously filed *pro se* by Defendant and denied by the Court, but then reasserted by Defendant at a status conference held on July 8, 2020. At that time, Defendant's court-appointed counsel, Attorney Lee Markovitz, orally adopted Defendant's *pro se* motion as a counseled motion filed on Defendant's behalf.[1] The Government filed a Response opposing Defendant's motion to dismiss. (Docket No. 54). After careful consideration of the parties' arguments, and for the following reasons, Defendant's motion is DENIED.

**II.   BACKGROUND**

On September 26, 2019, Defendant was charged in a criminal complaint with possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §

---

[1] Collectively, Defendant's *pro se* motion is filed at Docket Nos. 43, 44 and 47. As stated, Defendant made these *pro se* submissions despite that he is represented by court-appointed counsel, Lee Markovitz, in these proceedings. The Court denies Defendant's motion, adopted by counsel, for the reasons herein. Defendant is once again reminded, however, that he is not entitled to hybrid representation and he is cautioned that any future *pro se* submissions will not be accepted, given that he is represented by highly competent and experienced counsel. *See United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012) (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) ("Pro se litigants have no right to 'hybrid representation' because '[a] defendant does not have a constitutional right to choreograph special appearances by counsel.'").

1

922(g)(1). (Docket No. 1). The criminal complaint was signed by DEA Task Force Officer ("TFO") William Churilla, who also averred in the Affidavit in Support of the Criminal Complaint (the "Affidavit") that there was probable cause to believe that Defendant committed such violations. (Docket No. 1-1). TFO Churilla swore to and signed the Complaint and Affidavit before Chief Magistrate Judge Cynthia Eddy, who then issued an arrest warrant for Defendant which was filed on the docket as a "court only" event on September 26, 2019. (Docket No. 2). Following Defendant's arrest, he made an initial appearance on that same date before Magistrate Judge Eddy, at which time he was advised of the charges against him as set forth in the Criminal Complaint. (Docket No. 5).

On October 1, 2019, Defendant had a detention hearing before Magistrate Judge Maureen Kelly, and he was ordered to be detained pending trial. (Docket Nos. 9, 12). Defendant waived a preliminary hearing. (Docket Nos. 10, 11).

On February 11, 2020, Defendant appeared before this member of the Court and waived prosecution by indictment and pled guilty to a two-count Information charging him at Count One with possession with intent to distribute 40 grams or more of fentanyl and a quantity of acetyl fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi) and 841(b)(1)(C), and at Count Two with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Docket Nos. 25, 26, 28). Defendant's guilty plea was pursuant to a Rule 11(c)(1)(C) plea agreement which contained the parties' stipulation as to the specific sentence to be imposed of 90 months' imprisonment, 4 years' supervised release, a $200 special assessment, and a fine to be determined by the Court. (Docket No. 26-1, ¶ C.3). Sentencing was scheduled to occur on July 8, 2020. (Docket No. 29).

On June 22, 2020, Defendant filed a *pro se* motion to dismiss the charges for lack of probable cause and subject matter jurisdiction. (Docket No. 43). According to Defendant, he was arrested without an arrest warrant and the warrant was not filed on the docket, he was denied his due process rights, the criminal complaint does not establish probable cause, and the Court lacks subject matter jurisdiction. On June 23, 2020, Defendant filed a *pro se* notice again asserting that the criminal complaint does not establish probable cause and claiming that the Court lacks subject matter jurisdiction. (Docket No. 44). The Court denied Defendant's motion on June 23, 2020, as the filing was made *pro se* while Defendant is represented by counsel in this case and he has no right to hybrid representation. (Docket No. 45). On June 30, 2020, Defendant filed a *pro se* motion for reconsideration of the Court's order, in which he continued to complain that the arrest warrant was not filed on the docket and that the warrant return showing when he was arrested was not completed or filed. (Docket No. 47). On July 1, 2020, the Court denied Defendant's motion for reconsideration because he did not meet the standard for same and again reminded Defendant about the impropriety of *pro se* filings while represented by counsel. (Docket No. 48)

At the telephonic sentencing conference held on July 1st, the parties agreed that the sentencing hearing scheduled on July 8, 2020 should be converted to a status conference given Defendant's recent *pro se* filings. (Docket No. 49). At the July 8th status conference, Defendant primarily argued that TFO Churilla filled out the arrest warrant return late and he could not access the arrest warrant or the warrant return on the public docket. As already noted, Attorney Markovitz orally adopted Defendant's *pro se* filings as a counseled motion filed on his behalf challenging the alleged inadequacies of the warrant and advocating for dismissal of the charges. On July 17, 2020, the Government filed its Response opposing Defendant's motion to dismiss, arguing the fact that an arrest warrant return was filed late in this case is not cause for dismissal. (Docket No. 54).

Attorney Markovitz advised the Court's law clerk via email on July 18, 2020 that he would not be filing a reply to the Government's Response. As such, Defendant's motion is now ripe for adjudication.

## III. DISCUSSION

Initially, Defendant claims without support that there was no probable cause for issuance of the arrest warrant. (*See* Docket No. 43, ¶ 10). "If the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it." Fed. R. Crim. P. 4(a). Here, TFO Churilla swore to and signed the Complaint and Affidavit before Magistrate Judge Eddy, who issued the arrest warrant on September 26, 2019 because the Affidavit established probable cause for Defendant's arrest. (*See* Docket Nos. 1-1, ¶¶ 8-22; 2). As stated, Defendant made an initial appearance before Magistrate Judge Eddy following his arrest on September 26, 2019. (Docket No. 5). Defendant subsequently was given the option of a preliminary hearing which would have addressed whether there was probable cause to believe an offense had been committed and Defendant committed it, *see* Fed. R. Crim. P. 5.1(e), but he waived his right to that hearing.[2] (Docket No. 11). As such, Defendant's probable cause argument is unfounded.

Defendant next incorrectly asserts that the arrest warrant was not filed on the case docket. (*See* Docket Nos. 43, ¶ 4; 47, ¶¶ 1, 3). The arrest warrant was filed on September 26, 2019, at Docket No. 2, as a "court only" event; thus, it is does not appear on the public docket and it is not accessible by the public. There is nothing improper about the manner in which the arrest warrant

---

[2] Defendant signed the Waiver of a Preliminary Hearing form on October 1, 2019, thereby agreeing to the following: "I understand that I have been charged with an offense in a criminal complaint filed in this court. . . . A magistrate judge has informed me of my right to a preliminary hearing under Fed. R. Crim. P. 5.1. . . . I agree to waive my right to a preliminary hearing under Fed. R. Crim. P. 5.1." (Docket No. 11).

was filed.  Notably, Federal Rule of Criminal Procedure 4 does not require the filing of arrest warrants.  Nonetheless, given Defendant's concern about the arrest warrant here, he is advised that it was filed even though it cannot be seen or accessed on the public docket.

Turning to Defendant's complaint that the warrant return was not timely filled out and filed on the docket, (*see* Docket No. 47, ¶¶ 1,7), Government counsel candidly acknowledged at the July 8th status conference that TFO Churilla previously forgot to complete the warrant return.  As further explained in the Government's Response, Attorney Markovitz emailed AUSA Vasquez Schmitt on June 16, 2020 to request a copy of the warrant return. (Docket No. 54 at 2).  At the time of Defendant's arrest, the process for handling warrant returns was for the federal agent or the TFO to email the return to a designated email address at the Clerk's Office. (*Id.*).  TFO Churilla informed AUSA Vasquez Schmitt that he could not locate the warrant return in his file. (*Id.*).  On June 18, 2020, TFO Churilla completed the warrant return, specifying that Defendant was arrested on September 26, 2019. (*Id.*).  TFO Churilla then provided the warrant return to AUSA Vasquez Schmitt, who in turn provided it to Attorney Markovitz and sent it to the designated email address at the Clerk's Office. (*Id.*).  Given that the procedure for filing warrant returns will soon change and require the assigned Assistant United States Attorney to file it, AUSA Vasquez Schmitt filed the warrant return on July 10, 2020 and it appears at Docket No. 53.

The Court's review of the warrant return indicates that the warrant was received on September 26, 2019 and Defendant was arrested on that same date. (Docket No. 53).  TFO Churilla signed and dated the warrant return on June 18, 2020, which was when he completed it as explained by AUSA Vasquez Schmitt. (Docket Nos. 53; 54 at 2).

Although it may have been preferable if TFO Churilla had submitted the warrant return for filing after Defendant's arrest, his apparent oversight in failing to do so does not mandate dismissal

5

of the charges against Defendant as he now urges.  Federal Rule of Criminal Procedure 4 does not require the filing of the warrant return at all, let alone within any particular time frame.[3]  Rule 4 only provides that "[a]fter executing a warrant, the officer must return it to the judge before whom the defendant is brought in accordance with Rule 5.  The officer may do so by reliable electronic means."  Fed. R. Crim. P. 4(c)(4)(A).  Rule 5 relates to the initial appearance and provides, in relevant part, that "[a] person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge."  Fed. R. Crim. P. 5(a)(1)(A).  Here, Defendant was arrested on September 26, 2019, and he was brought before Magistrate Judge Eddy on that same date for his initial appearance.  (Docket No. 5).  Thus, Magistrate Judge Eddy was well aware of Defendant's arrest, as she presided over his initial appearance.  As such, the purpose and intent of both rules – that the court is notified of Defendant's arrest and that he be brought before a magistrate judge for an initial appearance without unnecessary delay following his arrest - clearly were satisfied in this case.  Nonetheless, even if there was a technical violation of Rule 4 here, which there was not for reasons just explained, Defendant would not be entitled to the drastic relief he seeks because a technical violation "will not support the dismissal of an indictment."  *United States v. Sollenberger,* 2008 WL 1981539, at *2 (M.D. Pa. May 2, 2008).

Furthermore, Defendant's due process rights were not violated as he now claims.  (*See* Docket No. 43, ¶ 9).  As explained herein, Defendant was arrested pursuant to a warrant issued in accordance with Federal Rule of Criminal Procedure 4, he had an initial appearance that same day in accord with Rule 5, and he subsequently waived his right to a preliminary hearing consistent

---

[3] To this end, *United States v. Caraway*, Case No. 06-40138-01-DDC, 2019 WL 1081765 (D. Kan. Mar. 6, 2019), which is the case the Court believes Defendant referenced at the July 8th status conference, provides no support for his position that the charges should be dismissed because the warrant return was not timely filed.  The *Caraway* court observed that "Rule 4(c)(4)(A) only requires the officer executing the warrant to return it—it contains no requirements that the officer report the time when the warrant was executed.  Mr. Caraway thus presents no viable arguments challenging the validity of his arrest warrant."  *Id.* at *4.

with Rule 5.1.[4]  (Docket Nos. 2, 5, 11).  To the extent Defendant suggests that his due process rights were violated because the warrant return was filed late, such claim lacks merit.  *See e.g., Cordova v. City of Albuquerque*, 816 F.3d 645, 656-57 (10th Cir. 2016) (holding that officers' failure to timely return arrest warrant to state court was not a due process violation because it did not infringe upon the defendant's constitutional right to prompt probable cause determination).

Finally, Defendant is incorrect that the Court lacks subject matter jurisdiction in this case. (Docket Nos. 43, ¶ 10; 44).  Where, as here, a defendant waives prosecution by indictment, the Third Circuit Court of Appeals has held that the district court has subject matter jurisdiction.  *See United States v. Gaskins*, 393 F. App'x 910, 913 (3d Cir. 2010) ("In light of Gaskins's knowing and voluntary waiver of the indictment, the[] argument[] [that the district court lacked jurisdiction is] frivolous."); *United States v. Jiminez*, 54 F. App'x 369, 370 (3d Cir. 2002) (rejecting the defendant's claim that he did not waive his right to prosecution by indictment and that the district court therefore lacked jurisdiction to sentence him).

Here, Defendant knowingly and voluntarily waived his right to prosecution by indictment and consented to the filing of the two-count Information to which he pled guilty, thereby establishing this Court's jurisdiction.  (Docket Nos. 21, 25, 26, 28).  To that end, the Court advised Defendant in detail at the waiver and plea hearing held on February 11, 2020, of the effect of waiving indictment by the grand jury, ensured that Defendant understood his rights and was acting of his own free will, and then authorized the Waiver of Indictment signed by Defendant and his attorney.  By signing the Waiver of Indictment, Defendant acknowledged and affirmed that "I understand that I have been accused of one or more offenses punishable by imprisonment for more

---

[4] Rule 5.1 provides, in relevant part, as follows: "[i]f a defendant is charged with an offense other than a petty offense, a magistrate judge must conduct a preliminary hearing unless the defendant waives the hearing." Fed. R. Crim. P. 5.1(a)(1).

than one year. I was advised in open court of my rights and the nature of the proposed charges against me. After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information." (Docket No. 25). The Court additionally reviewed with Defendant the substance of his guilty pleas and the facts supporting the Information, as well as the terms of his Rule 11(c)(1)(C) plea agreement. Given all of this, Defendant knowingly and voluntarily waived prosecution by indictment which therefore renders meritless his current contention that the charges should be dismissed because the Court lacks subject matter jurisdiction.

## IV.     CONCLUSION

For all of these reasons, IT IS HEREBY ORDERED that Defendant's motion to dismiss the charges against him is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

Dated: July 21, 2020

cc/ecf: All counsel of record